# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| ELYANA SNEAUX f/k/a SHANECIA CULBREATH, | |
| Plaintiff, | Civil Action No. |
| v. | |
| SHRI YAMUNA ENTERPRISES INC. d/b/a MARCO'S PIZZA, GSJ COVINGTON LLC, LUKMON MOHAMMED, and ELIZABETH MOHAMMED, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

Plaintiff Elyana Sneaux f/k/a Shanecia Culbreath ("Plaintiff") files this Complaint against Shri Yamuna Enterprises Inc. d/b/a Marco's Pizza ("Shri Yamuna") and GSJ Covington LLC ("GSJ" and, collectively with Shri Yamuna, "Marco's Pizza"), as well as Lukmon Mohammed, and Elizabeth Mohammed ("Mrs. Mohammed," and, collectively with Marco's Pizza and Lukmon Mohammed, "Defendants"). Plaintiff shows the Court as follows:

1

## INTRODUCTION

1.     This case concerns sexual harassment, sexual battery, and retaliation. Plaintiff, a former delivery driver for Marco's Pizza, was subjected to repeated sexual harassment by Lukmon Mohammed, a Shift Supervisor and/or manager-in-training with supervisory authority over Plaintiff, while she was at work. Lukmon Mohammed also sexually assaulted Plaintiff at a party hosted by and for Plaintiff's fellow employees.  Lukmon Mohammed's sexual harassment and sexual assault of Plaintiff caused her to suffer emotional distress, inconvenience, mental anguish, and loss of enjoyment of life.  Plaintiff also suffered significant physical injury as a direct and proximate result of Lukmon Mohammed's sexual assault.

2.     When Plaintiff notified her store manager of the sexual assault, Lukmon Mohammed's mother, Elizabeth Mohammed—a co-owner of the Marco's Pizza franchise at which Plaintiff and Lukmon Mohammed worked—retaliated against Plaintiff in a variety of ways, including: (1) reducing Plaintiff's hours such that she would make less money; (2) hiding the hours sheet from Plaintiff; (3) instructing Plaintiff's coworkers not to talk to her; (4) sending Plaintiff on deliveries outside of her store's delivery area, causing Plaintiff to make less money;  (5) deleting Plaintiff's hours from the payroll system; (6) knowingly scheduling Plaintiff for shifts that conflicted with her school schedule; (7) scheduling Plaintiff for 12-hour

shifts, despite never having assigned Plaintiff such lengthy shifts before; (8) ordering the store manager to punish Plaintiff for dress-code violations, even though Plaintiff's coworkers were not disciplined for similar violations; and (9) denigrating Plaintiff in front of her coworkers for reporting the sexual assault.  All of this conduct created an immense amount of emotional distress and stress for Plaintiff, and ultimately forced Plaintiff to resign.

3.      Further, after Plaintiff filed a police report again Lukmon Mohammed, Mrs. Mohammed informed Plaintiff that she would no longer receive tips; reassigned orders with large tips to other drivers to deny Plaintiff those tips; and gave Plaintiff a fraction of the tips to which she was entitled on orders where the customer tipped Plaintiff upon delivery.

4.      Plaintiff asserts the following claims:

a.      Plaintiff asserts claims against Shri Yamuna and GSJ under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") for hostile work environment (Count I) and retaliation (Count II).

b.      Plaintiff also asserts a tip-theft claim against Shri Yamuna, GSJ, and Mrs. Mohammed under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") (Count III).

3

    c.     Plaintiff further asserts claims against Defendants under Georgia law.   Specifically, Plaintiff asserts the following state-law claims: civil assault against Lukmon Mohammed (Count IV); civil battery against Lukmon Mohammed (Count V); intentional infliction of emotional distress against all Defendants (Count VI);   punitive   damages,   pursuant   to   O.C.G.A. § 52-12-5.1, against all defendants (Count VII); and expenses of litigation, including attorney's fees and costs, pursuant to O.C.G.A. § 13-6-11, against all defendants (Count VIII).

### JURISDICTION AND VENUE

5.    This Court has federal-question jurisdiction over Plaintiff's Title VII and FLSA claims, pursuant to 28 U.S.C. § 1331.

6.    Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state-law claims because such claims are so related to Plaintiff's Title VII and FLSA claims that they form part of the same case or controversy.

7.    Pursuant to 28 U.S.C. § 1391(b), 42 U.S.C. § 2000e-5(f)(3) and Local Rule 3.1(B), venue is proper in this Court because the unlawful employment practices described herein were primarily committed within the Atlanta Division of the Northern District of Georgia, wherein Plaintiff also resides.

## PARTIES

8.     Plaintiff is a citizen of the United States of America and a resident of the State of Georgia; she submits herself to the jurisdiction of this Court.  Plaintiff is female.

9.     Plaintiff was employed by Marco's Pizza as a Delivery Driver from approximately January 2, 2019, until she was forced to resign on or around July 15, 2019.  The specific store location at which Plaintiff worked is located at 2133 Highway 20, Conyers, Georgia 30013.

10.     On information and belief, Defendant Shri Yamuna is a Georgia for-profit corporation with its principal office address at 150 Marble Springs Road, Lilburn, Georgia 30047.  On information and belief, the CEO of Shri Yamuna is Gani Mohammed.

11.     Shri Yamuna may be served with process through its registered agent, Rizwan Momin, at 150 Marble Springs Road, Lilburn, Georgia 30047.

12.     Upon information and belief, Shri Yamuna had gross annual revenues in excess of $500,000 at all relevant times.

13.     Defendant GSJ is a Georgia limited-liability company with its principal office address at 150 Marble Springs Road, Lilburn, Georgia 30047.  GSJ may be

served via its registered agent, Gani Mohammed, at 150 Marble Springs Road, Lilburn, Georgia 30047.

14.   Upon information and belief, GSJ had gross annual revenues in excess of $500,000 at all relevant times.

15.   On information and belief, Shri Yamuna, together with GSJ, operated a chain of Marco's Pizza restaurants in Georgia as an integrated enterprise at all relevant times.

16.   At all relevant times, Defendants Shri Yamuna and GSJ were a single employer of Plaintiff within the definition of Title VII.

17.   Additionally, or alternatively, Shri Yamuna and GSJ were "joint employers" under Title VII at all relevant times because, on information and belief: they had and have highly interrelated and integrated operations and management; shared and share Human Resources and payroll functions; jointly controlled the essential terms and conditions of Plaintiff's employment; jointly employed Plaintiff; and Plaintiff's work benefitted them and/or furthered their joint interests, directly and/or indirectly.

18.   Plaintiff was an "employee" of Shri Yamuna and GSJ within the meaning of Title VII.

19.    On information and belief, at all relevant times, Shri Yamuna and GSJ comprised a single "joint enterprise" under the FLSA because they: engaged in the joint operation of Marco's Pizza stores in Georgia; shared a unified and/or common control scheme, including shared ownership and management, as indicated by Gani Mohammed's involvement with both businesses, their shared principal office addresses, and their shared use of employees at multiple locations; and had the common business purpose of owning and operating Marco's Pizza stores.

20.    On information and belief, at all relevant times, Shri Yamuna and GSJ constituted a "single employer" or "single integrated employer" under the FLSA because they had: interrelated operations; centralized control of their employees; and common management, ownership and/or financial control, as shown by Gani Mohammed's involvement with both businesses, their shared principal office addressees, and their shared employees.

21.    Additionally, or alternatively, Shri Yamuna and GSJ comprised "joint employers" under the FLSA because, at all relevant times: they had highly interrelated and integrated operations and management; they shared Human Resources and payroll functions; they jointly controlled the essential terms and conditions of Plaintiff's employment; they jointly employed Plaintiff; and Plaintiff's work benefitted them and/or furthered their joint interests.

7

22.    Defendant Elizabeth Mohammed was and is a co-owner of Marco's Pizza and conducts business in the Northern District of Georgia.  On information and belief, Mrs. Mohammed is a Georgia resident and resides in the Northern District of Georgia.

23.    At all relevant times, Mrs. Mohammed: asserted control of Marco's Pizza's day-to-day operations; had supervisory authority over Plaintiff; had the authority to make, and did make, hiring and firing decisions for Marco's Pizza; and made the decision to withhold Plaintiff's tips, in violation of the FLSA.  Therefore, Mrs. Mohammed was and is an "employer" within the meaning of the FLSA.

24.    At all relevant times, Shri Yamuna, GSJ, and Mrs. Mohammed were employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(m)(2)(B).

25.    Plaintiff was an "employee" of Shri Yamuna, GSJ, and Elizabeth Mohammed within the meaning of the FLSA.

26.    At all relevant times, Defendant Lukmon Mohammed had supervisory and/or managerial authority over Plaintiff.  On information and belief, Lukmon Mohammed is a Georgia resident and resides in the Northern District of Georgia.

## ADMINISTRATIVE EXHAUSTION

27.    Plaintiff has satisfied all administrative prerequisites for bringing her Title VII claims in this Court.

28.    On June 19, 2019, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), in which she asserted her Title VII claims for hostile work environment and retaliation against Marco's Pizza.

29.    On January 19, 2021, the EEOC issued a Notice of Right to Sue regarding Plaintiff's Charge of Discrimination.

30.    Plaintiff brings this suit within ninety (90) days of her receipt of the Notice of Right to Sue.

## STATEMENT OF FACTS

31.    Plaintiff is a former employee of Marco's Pizza.  Plaintiff began her employment with Marco's Pizza in January 2019.  Her title was Delivery Driver.

32.    As a Delivery Driver, Plaintiff regularly and routinely received tips on the orders that she delivered for Marco's Pizza.

33.    Elizabeth Mohammed was an owner of the Marco's Pizza franchise at which Plaintiff worked (the "Restaurant").  At the time that Plaintiff was hired on or

about January 2, 2019, Mrs. Mohammed actively managed the day-to-day operations of the Restaurant.

34.   On information and belief, Gani Mohammed was and is Mrs. Mohammed's husband, Lukmon Mohammed's father, and a co-owner and/or manager of Marco's Pizza.

35.   At approximately the end of January 2019, Marco's Pizza hired Jason Fulford as the Restaurant's General Manager.   Mr. Fulford remained General Manager until approximately September 2019, at which time he voluntarily resigned.

36.   As the Restaurant's General Manager, Mr. Fulford was responsible for hiring and firing decisions, making the schedules for the Restaurant's employees, and managing the day-to-day operations of the store.

37.   Despite Mr. Fulford's position as General Manager, Mrs. Mohammed regularly exerted managerial control over the Restaurant, including making hiring and firing decisions, and altering work schedules.

38.   Lukmon Mohammed worked at the Restaurant with Plaintiff. Lukmon Mohammed held the position of Shift Supervisor at all times relevant to Plaintiff's claims.   Lukmon Mohammed was also a manager-in-training.

39.   Lukmon Mohammed is the son of Mrs. Mohammed.

40.    As Shift Supervisor, Lukmon Mohammed had supervisory authority over the Restaurant's Delivery Drivers, including Plaintiff.   More specifically, Lukmon Mohammed was responsible for, *inter alia*, ensuring that Restaurant employees followed company policy, pursuant to which he had the authority to discipline his subordinates.

41.    As part of Plaintiff's duties, she would return to the Restaurant between deliveries to pick up delivery orders.   On one occasion while Plaintiff was at the Restaurant, Lukmon Mohammed asked her "when are you going to give me that neck," a reference to oral sex.   Plaintiff expressly opposed Lukmon Mohammed's unwanted and unsolicited sexual advances.   Nevertheless, Lukmon Mohammed responded that Plaintiff was "going to give him that neck."

42.    On or about February 26, 2019, Plaintiff attended a party hosted by a coworker for fellow Restaurant employees.   Lukmon Mohammed also attended this party.   Plaintiff brought her then friend to the party, who was the only person present at the party who was not a Restaurant employee.

43.    While at the party, Plaintiff accepted a drink from Lukmon Mohammed.   Immediately afterwards, she became unable to move her legs and felt paralyzed.   Plaintiff's friend was also drugged.

44.   Lukmon Mohammed then carried Plaintiff to the bathroom and sat her on the toilet after pulling down her pants.

45.   During the assault, Plaintiff lost and regained consciousness repeatedly. During one of the times that she regained consciousness; Lukmon Mohammed was attempting to force his penis into her mouth.  In doing so, Lukmon Mohammed repeatedly slapped Plaintiff in the face, shouting, "Open your mouth!"

46.   On another occasion when Plaintiff regained consciousness, Lukmon Mohammed was forcibly penetrating her vagina with his hand.

47.   On a third occasion, Plaintiff woke up to find herself completely naked. Lukmon Mohammed was not present in the bathroom, but Plaintiff could hear him discussing obtaining condoms with a man nicknamed "Siamese" so that Lukmon Mohammed could have sex with Plaintiff.  Despite his efforts to obtain condoms, Lukmon Mohammed ultimately did not have sex with Plaintiff.

48.   At no point did Plaintiff consent to Lukmon Mohammed's actions in sexually assaulting her, either prior to or during the assault.

49.   Plaintiff awoke late the next morning and drove home.

50.   As a result of the sexual assault, Plaintiff suffered significant vaginal injuries, for which she sought medical treatment, in addition to severe emotional and mental stress.

51.     On or about April 3, 2019, Plaintiff confronted Lukmon Mohammed about the sexual assault.  During this confrontation, Lukmon Mohammed confessed to sexually assaulting Plaintiff.   Plaintiff made an audio recording of the conversation with Lukmon Mohammed.

52.     On or about April 8, 2019, Plaintiff took the audio recording of her conversation with Lukmon Mohammed and filed a police report with the Atlanta Police Department.

53.     Shortly after filing the police report, Plaintiff informed Mr. Fulford of the attack and her filing of the police report.  Plaintiff requested that she no longer be scheduled to work with Lukmon Mohammed.

54.     On information and belief, on May 3, 2019, Lukmon Mohammed was arrested and charged with felony Aggravated Sexual Battery.  He was released on bond shortly thereafter.  His case before the Superior Court for Fulton County (Case No. 19CP183411) remains pending.

55.     After Lukmon Mohammed's arrest, Mrs. Mohammed was angry with Plaintiff and began retaliating against her.  More specifically, Mrs. Mohammed accused Plaintiff of "ruining her family," asserted that Plaintiff was upset that Lukmon Mohammed had rejected her, and claimed that Lukmon Mohammed "can

have any female he wants."  Mrs. Mohammed made these statements in front of Plaintiff's coworkers.

56.     Mrs. Mohammed told Mr. Fulford that Plaintiff was "crying rape." Mr. Fulford believed that Mrs. Mohammed was anxious to punish Plaintiff for reporting the attack.

57.     Mrs. Mohammed instructed Plaintiff's coworkers not to talk to Plaintiff.  As a result of Mrs. Mohammed's actions and statements, Plaintiff's coworkers called Plaintiff a liar and blamed Plaintiff for Lukmon Mohammed's arrest.  Prior to Lukmon Mohammed's arrest, Plaintiff generally got along well with her coworkers.

58.     On or about May 17, 2019, Mrs. Mohammed threw a party for the Restaurant's employees, at which Plaintiff's coworkers were permitted to get whatever food that they wanted.  However, when Plaintiff attempted to get food, a coworker, Floyd Bates, stated loudly that Mrs. Mohammed had said that Plaintiff was not allowed to get any food.  The coworker and Mrs. Mohammed then laughed loudly about Plaintiff being denied food in full view of Plaintiff's other coworkers.

59.     Mrs. Mohammed also retaliated against Plaintiff for reporting Lukmon Mohammed's sexual assault to the Atlanta Police Department by, *inter alia*:

14

a. Sending Plaintiff home before her shift was scheduled to end without cause;

b. Reducing Plaintiff's scheduled hours from approximately twenty (20) hours per workweek to approximately ten (10) hours per workweek;

c. Sending Plaintiff on deliveries outside of the Restaurant's standard delivery area, causing Plaintiff to complete fewer deliveries and receive fewer tips;

d. Hiding the hours sheet so that Plaintiff could not find it;

e. Deleting Plaintiff's hours from the payroll system after Plaintiff logged them;

f. Scheduling Plaintiff for shifts that Mrs. Mohammed knew conflicted with Plaintiff's full-time class schedule, thereby effectively reducing Plaintiff's work hours; and

g. Scheduling Plaintiff for 12-hour shifts, even though Plaintiff had never worked such long shifts in the past.

60. In addition, Mrs. Mohammed began reassigning orders with large tips to other drivers. As one example, Plaintiff should have been assigned a large order with a tip of approximately $50 because she was the next available driver in Marco's

15

Pizza's automated delivery-assignment system.   However, Mrs. Mohammed manually reassigned the delivery to another driver who was out on another delivery, even though Plaintiff already was available to make the delivery.  Mrs. Mohammed expressly told Plaintiff that she was reassigning the delivery to deny Plaintiff the tip.

61.    As another example, after Plaintiff finished her deliveries for the evening, she presented her receipts to Mrs. Mohammed to cash out those tips that had been given to her by customers upon delivery.  Despite the fact that the receipts indicated that Plaintiff should have received approximately $40 in tips, Mrs. Mohammed only gave her around $5.   When Plaintiff asked why Mrs. Mohammed was withholding her tips, Mrs. Mohammed gave no explanation.

62.    Further, in approximately June 2019, Mrs. Mohammed retaliated against Plaintiff by instructing Mr. Fulford, the General Manager, to discipline Plaintiff for a dress-code infraction, allegedly because Plaintiff was wearing open-heeled shoes and was not wearing a hat, even though two of Plaintiff's coworkers were not disciplined despite being similarly dressed.  In addition, neither Mrs. Mohammed nor Mr. Fulford were wearing a company hat.

63.    Plaintiff had worn the same open-heeled shoes since she began working at the Restaurant, without incident or comment by Mr. Fulford or Mrs. Mohammed, and without any discipline whatsoever.

64.     Plaintiff repeatedly complained to Mr. Fulford about the harassment that she was suffering at Mrs. Mohammed's hands.  Mr. Fulford would respond that it was "out of his hands," or words to that effect.

65.     As a direct result of Mrs. Mohammed's harassment and retaliation, Plaintiff became depressed and had to seek counseling.  Plaintiff received counseling through Fulton County's Victims Assistance Program for approximately four months, at which point she exhausted the counseling available to her through that program.  Plaintiff remains in need of counseling but lacks health insurance or other means to obtain counseling.

66.     Ultimately, Mrs. Mohammed's persistent and continuing retaliatory harassment forced Plaintiff to resign on or about July 15, 2019.

67.     Defendant Marco's Pizza's actions in subjecting Plaintiff to severe and/or pervasive harassment constituting a hostile work environment, and retaliating against Plaintiff for opposing the sexual harassment, were willful, wanton, and/or in reckless disregard for Plaintiff's rights under Title VII.

68.     Defendants acted with malice and/or with reckless indifference to Plaintiff's federally-protected rights.

69.     Due to Defendants' violations of federal and state law, Plaintiff has suffered emotional distress, inconvenience, mental anguish, and loss of enjoyment

of life.  Plaintiff also suffered significant physical injury as a direct and proximate result of Lukmon Mohammed's sexual assault.

70.     Defendants acted with the specific intent to harm Plaintiff.

### COUNT I
### Hostile Work Environment Based on Sex in Violation of Title VII
### (Against Shri Yamuna Enterprises Inc. d/b/a Marco's Pizza and
### GSJ Covington LLC d/b/a Marco's Pizza)

71.     Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

72.     Plaintiff, a woman, is a member of a protected class under Title VII.

73.     As a Shift Supervisor at the Restaurant and/or manager-in-training for Marco's Pizza, Lukmon Mohammed had authority over Plaintiff at all relevant times.

74.     Lukmon Mohammed subjected Plaintiff to severe and/or pervasive harassment based on her sex, which created a hostile work environment in violation of Title VII.

75.     Specifically, Lukmon Mohammed repeatedly made sexually-suggestive comments to Plaintiff at the Restaurant while acting as Shift Manager and/or a manager-in-training.

76.     Lukmon Mohammed sexually assaulted Plaintiff at an event thrown by and for Plaintiff's coworkers by, *inter alia*, stripping her, attempting to force her to perform oral sex on him, and forcibly penetrating her with his hands.

77.     Following Lukmon Mohammed's sexual assault on Plaintiff, Plaintiff was forced to request an altered work scheduled from Mr. Fulford so that she could avoid working at the same time as Lukmon Mohammed.

78.     Once Lukmon Mohammed's sexual assault of Plaintiff became known to the Restaurant's employees, Mrs. Mohammed publicly accused Plaintiff of "crying rape" in front of Plaintiff's coworkers, after which Plaintiff's coworkers avoided her and denigrated her by, among other things, calling her a liar, thereby substantially altering the terms and conditions of Plaintiff's employment.

79.     As a consequence of the hostile work environment created by Lukmon Mohammed's sexually-explicit comments and his sexual assault of Plaintiff, and Mrs. Mohammed's subsequent harassment of Plaintiff, Plaintiff experienced emotional distress, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

80.     As a consequence of Lukmon Mohammed's sexual assault on Plaintiff, Plaintiff experienced significant physical injury, including vaginal injuries.

81.     Defendants' harassment of Plaintiff based on her sex, in his role as a Shift Manager and/or manager-in-training for Marco's Pizza, was willful, wanton, and/or in reckless disregard for Plaintiff's rights under Title VII.

82.     Defendants acted with malice and/or with reckless indifference to Plaintiff's Title VII rights.

83.     Plaintiff seeks all available relief under Title VII, including compensatory damages, punitive damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs.

## COUNT II
## <u>Retaliation in Violation of Title VII</u>
**(Against Shri Yamuna Enterprises Inc. d/b/a Marco's Pizza and GSJ Covington LLC d/b/a Marco's Pizza)**

84.     Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

85.     Plaintiff engaged in protected activity under Title VII when she, *inter alia*, (a) opposed Lukmon Mohammed's sexual advances and comments in the workplace; (b) filed a police report against Lukmon Mohammed following his sexual assault on Plaintiff, and (c) complained about Lukmon Mohammed's conduct to Mr. Fulford and asked not to be scheduled to work with him.

86.     Defendants Shri Yamuna and GSJ, through Mrs. Mohammed, retaliated against Plaintiff for engaging in protected activity covered by Title VII by,

*inter alia*: (1) reducing Plaintiff's hours such that she would make less money; (2) accusing Plaintiff of "crying rape" and instructing Plaintiff's coworkers not to talk to her; (3) sending Plaintiff on deliveries outside of her store's delivery area, causing Plaintiff to make less money; (4) deleting Plaintiff's hours from the payroll system; (5) knowingly scheduling Plaintiff for shifts that conflicted with her school schedule; (6) scheduling Plaintiff for 12-hour shifts, despite never having assigned such lengthy shifts before; and (7) ordering the store manager, Mr. Fulford, to punish Plaintiff for dress-code violations, even though Plaintiff's coworkers were not disciplined for similar violations.

87.    As a consequence of the retaliation that she experienced from Shri Yamuna and GSJ, Plaintiff has incurred lost wages and benefits, and experienced emotional distress, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

88.    The actions and inactions of Shri Yamuna and GSJ in retaliating against Plaintiff for engaging in protected activity were willful, wanton, and/or in reckless disregard for Plaintiff's rights under Title VII.

89.    Defendants acted with malice and/or reckless indifference to Plaintiff's Title VII rights.

90.    Plaintiff seeks all available relief under Title VII, including lost wages and benefits, compensatory damages, punitive damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs.

**COUNT III**
**Tip Theft in Violation of the FLSA**
**(Against Shri Yamuna Enterprises Inc. d/b/a Marco's Pizza,**
**GSJ Covington LLC d/b/a Marco's Pizza, and Elizabeth Mohammed)**

91.    Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

92.    At all relevant times, Defendants Shri Yamuna, GSJ, and Elizabeth Mohammed were, and continue to be, employers engaged in commerce within the meaning of the FLSA.

93.    At all relevant times, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

94.    Upon information and belief, Shri Yamuna and GSJ each, and jointly, had gross annual revenues in excess of $500,000.00 at all times relevant times.

95.    At all relevant times, Mrs. Mohammed asserted control of Marco's Pizza's day-to-day operations at the Restaurant, where Plaintiff worked, and made the decisions regarding Plaintiff's compensation, including the decision to withhold tips from Plaintiff in retaliation for reporting Lukmon Mohammed's sexual assault to law enforcement, and is therefore an "employer" within the meaning of the FLSA.

22

96.    At all relevant times, Shri Yamuna, GSJ, and Mrs. Mohammed employed Plaintiff within the meaning of the FLSA.

97.    The tipped wage provisions set forth in the FLSA apply to Shri Yamuna, GSJ, and Mrs. Mohammed, and protect Plaintiff.

98.    The FLSA forbids employers, such as Shri Yamuna, GSJ, and Mrs. Mohammed, from keeping tips from its employees, such as Plaintiff.

99.    Shri Yamuna, GSJ, and Mrs. Mohammed violated the FLSA by keeping tips that Plaintiff received as a Delivery Driver by improperly cashing Plaintiff out for tips received from customers upon delivery.

100.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 203(m).  Because Shri Yamuna's, GSJ's, and Mrs. Mohammed's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

101.   Shri Yamuna, GSJ, and Mrs. Mohammed did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

102.   Due to Shri Yamuna's, GSJ's, and Mrs. Mohammed's FLSA violations, Plaintiff is entitled to recover from Shri Yamuna, GSJ, and Mrs. Mohammed all unlawfully withheld tips, an additional and equivalent amount

as liquidated damages, prejudgment and post-judgment interest, and attorneys' fees and costs.

## COUNT IV
## <u>Civil Assault</u>
## (Against Lukmon Mohammed)

103.   Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

104.   By intentionally sexually assaulting Plaintiff, Lukmon Mohammed committed the tort of civil assault.

105.   By carrying Plaintiff into a bathroom, removing her clothes, sexually assaulting Plaintiff, and discussing his attempts to find condoms within earshot of Plaintiff, Lukmon Mohammed demonstrated his intent to physically injure Plaintiff.

106.   Lukmon Mohammed's sexual assault of Plaintiff, who was incapable of defending herself, was demonstrative of his ability to physically injure Plaintiff.

107.   By physically attacking Plaintiff, Lukmon Mohammed caused Plaintiff to reasonably apprehend a violent injury from his unlawful acts.

108.   Lukmon Mohammed's actions showed willful misconduct, malice, wantonness, oppression, and the entire want of care which would raise the presumption of conscious indifference to consequences.

109.   Lukmon Mohammed acted with the specific intent to harm Plaintiff.

110.   As a direct and proximate result of Lukmon Mohammed's assault of Plaintiff, Plaintiff suffered emotional distress, humiliation, inconvenience, loss of enjoyment of life, and significant physical injury.

111.   Plaintiff is entitled to recover compensatory and punitive damages against Lukmon Mohammed, in an amount to be determined by the enlightened conscience of the jury at trial.

**COUNT V**
**Civil Battery**
**(Against Lukmon Mohammed)**

112.   Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

113.   By drugging Plaintiff; physically touching and violating Plaintiff in a non-consensual sexual manner, including slapping her face while demanding that she perform oral sex on him; and forcibly penetrating her with his fingers, Lukmon Mohammed committed the tort of civil battery.

114.   A reasonable person would find Lukmon Mohammed's sexual assault of Plaintiff, which involved physically carrying her into a bathroom, physically removing her clothes, manually penetrating her, and forcibly attempting to put his penis into her mouth, to be offensive.

115.   Plaintiff did not consent to Lukmon Mohammed's offensive touching, either before or during the assault.

116.   Lukmon Mohammed's actions showed willful misconduct, malice, wantonness, oppression, and the entire want of care which would raise the presumption of conscious indifference to consequences.

117.   Lukmon Mohammed acted with the specific intent to harm Plaintiff.

118.   As a direct and proximate result of Lukmon Mohammed's battery of Plaintiff, Plaintiff suffered emotional distress, humiliation, inconvenience, loss of enjoyment of life, and significant physical injury.

119.   Plaintiff is entitled to recover compensatory and punitive damages against Lukmon Mohammed, in an amount to be determined by the enlightened conscience of the jury at trial.

## COUNT VI
## Intentional Infliction of Emotional Distress
### (Against All Defendants)

120.   Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

121.   Lukmon Mohammed intentionally and/or with reckless indifference engaged in extreme and outrageous behavior by repeatedly sexually harassing Plaintiff at work by demanding that she perform sexual acts on him.

122.   Lukmon Mohammed intentionally and/or with reckless indifference engaged in extreme and outrageous behavior by: drugging Plaintiff; carrying Plaintiff, who was semi-conscious, into a bathroom; stripping her naked; and sexually assaulting her.

123.   Shri Yamuna, GSJ, and Mrs. Mohammed intentionally and/or with reckless indifference engaged in extreme and outrageous behavior by harassing and retaliating against Plaintiff for reporting to law enforcement Lukmon Mohammed's sexual assault on her.  Specifically, Mrs. Mohammed, in her role as Shri Yamuna's and GSJ's co-owner and Plaintiff's employer:

      a.      Actively encouraged Plaintiff's coworkers to shun and denigrate Plaintiff;

      b.      Limited Plaintiff's ability to make money by altering Plaintiff's work schedule;

      c.      Withheld from Plaintiff tips that Plaintiff earned and was due;

      d.      Publicly humiliated Plaintiff;

      e.      Ordered Mr. Fulford to single out Plaintiff for disciplinary measures that were not visited upon Plaintiff's coworkers, despite the fact those coworkers were engaged in substantially-similar conduct for which Plaintiff was disciplined;

  f.  Publicly accused Plaintiff of "crying rape"; and

  g.  Forced Plaintiff to resign from her position as a Delivery Driver as a result of the sustained campaign of harassment and retaliation.

124. Defendants intentionally and/or with reckless indifference engaged in conduct that was extreme and outrageous, insofar as the sexual harassment, sexual assault and battery, and systematic and sustained retaliation to which Defendants subjected Plaintiff went beyond all possible bounds of decency.

125. Defendants' intentional and/or recklessly-indifferent conduct caused Plaintiff to suffer severe emotional distress, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and depression, for which she sought professional counseling.

126. Plaintiff is entitled to recover compensatory and punitive damages against Defendants, in an amount to be determined by the enlightened conscience of the jury at trial.

## COUNT VII
### Punitive Damages Pursuant to O.C.G.A. § 51-12-5.1
**(Against All Defendants)**

127. Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

128.   Defendants' actions, as described herein, showed willful misconduct, malice, wantonness, oppression, and the entire want of care which would raise the presumption of conscious indifference to consequences.

129.   Defendants acted with the specific intent to harm Plaintiff.

130.   Plaintiff is entitled to unlimited punitive damages against Defendants, pursuant to O.C.G.A § 52-12-5.1.

### COUNT VIII
### Expenses of Litigation Pursuant to O.C.G.A. § 13-6-11
### (Against All Defendants)

131.   Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

132.   Defendants' tortious conduct as described herein was in bad faith and caused Plaintiff unnecessary trouble and expense.

133.   Pursuant to O.C.G.A. § 13-6-11, Defendants are liable for Plaintiff's expenses of litigation, including reasonable attorney's fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and the following relief:

a)      A declaratory judgement that Marco Pizza's practices complained of herein are unlawful under Title VII;

b)      Full lost wages and benefits;

c)      Liquidated damages for all unlawfully withheld tips under the FLSA;

d)      Compensatory damages in an amount to be determined by a jury;

e)      Punitive damages in an amount to be determined by a jury;

f)      An award of prejudgment and post-judgement interest;

g)      Attorney's fees and costs; and

h)      All other equitable and other further relief as the Court deems just and

proper.

Respectfully submitted, this 25th day of January 2021.

*/s/ Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463
Michael David Forrest
Georgia Bar No. 974300
Scott Employment Law, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

Counsel for Plaintiff