IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ELYANA SNEAUX f/k/a SHANECIA CULBREATH, | ) ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) | |
| | ) | 1:21-CV-00380-LMM-JKL |
| vs. | ) | |
| | ) | |
| SHRI YAMUNA ENTERPRISES, | ) | |
| INC. d/b/a MARCO'S PIZZA, | ) | |
| GSJ COVINGTON LLC, | ) | **Jury Trial Demanded** |
| LUKMON MOHAMMED, and | ) | |
| ELIZABETH MOHAMMED, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND DEFENSES OF DEFENDANT
## GSJ COVINGTON LLC TO PLAINTIFF'S COMPLAINT

COMES NOW, GSJ COVINGTON LLC, a named defendant in the above-styled action, and hereby files and serves its Answer and Defenses to Plaintiff's Complaint, respectfully showing as follows:

## FIRST DEFENSE

Plaintiff has failed to state a claim against this defendant upon which relief may be granted.

## SECOND DEFENSE

As a second defense, this defendant respond to the individually numbered paragraphs of plaintiff's Complaint as follows:

- 1 -

## **INTRODUCTION**

1.

In response to Paragraph 1 of plaintiff's Complaint, this defendant admits only that plaintiff purports to bring an action alleging sexual harassment, sexual battery, and retaliation.  Responding further, this defendant denies all remaining allegations contained in paragraph 1 of plaintiff's Complaint and specifically denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

2.

This defendant can neither admit nor deny the allegations contained in paragraph 2 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

3.

This defendant can neither admit nor deny the allegations contained in paragraph 3 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

4.

In response to paragraph 4 of plaintiff's Complaint, this defendant admits only that plaintiff purports to assert claims under Title VII, the FLSA, and Georgia law

- 2 -

against defendants.   Responding further, this defendant denies all remaining allegations contained in paragraph 4 of plaintiff's Complaint and specifically denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

## **JURISDICTION AND VENUE**

### 5.

The allegations set forth in paragraph 5 of plaintiff's Complaint call for a legal conclusion, to which a response is not required.  To the extent a response is required, this defendant admits only that jurisdiction is proper, but denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state or local law.

### 6.

The allegations set forth in paragraph 6 of plaintiff's Complaint call for a legal conclusion, to which a response is not required.  To the extent a response is required, this defendant admits only that jurisdiction is proper, but denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state or local law.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

7.

The allegations set forth in paragraph 7 of plaintiff's Complaint call for a legal conclusion, to which a response is not required. To the extent a response is required, this defendant admits only that venue is proper, but denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state or local law.

## **PARTIES**

8.

This defendant can neither admit nor deny the allegations contained in paragraph 8 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

9.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant can neither admit nor deny the remaining allegations contained in paragraph 9 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

10.

This defendant admits, upon information and belief, the allegations contained in paragraph 10 of plaintiff's Complaint.

11.

This defendant admits, upon information and belief, the allegations contained in paragraph 11 of plaintiff's Complaint.

12.

This defendant can neither admit nor deny the allegations contained in paragraph 12 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

13.

This defendant admits the allegations contained in paragraph 13 of plaintiff's Complaint.

14.

This defendant can neither admit nor deny the allegations contained in paragraph 14 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

15.

This defendant denies the allegations contained in paragraph 15 of plaintiff's Complaint.  Responding further, this defendant denies any claim, suggestion or

{Firm/1237/00090/DRAFTS/02999425.DOCX }

implication that Shri Yamuna and GSJ Covington constituted a single, integrated or joint employer or enterprise as defined under Title VII, the FLSA, or any other federal, state or local law.

16.

This defendant denies the allegations contained in paragraph 16 of plaintiff's Complaint.  Responding further, this defendant denies any claim, suggestion or implication that Shri Yamuna and GSJ Covington constituted a single, integrated or joint employer or enterprise as defined under Title VII, the FLSA, or any other federal, state or local law.

17.

This defendant denies the allegations contained in paragraph 17 of plaintiff's Complaint.  Responding further, this defendant denies any claim, suggestion or implication that Shri Yamuna and GSJ Covington constituted a single, integrated or joint employer or enterprise as defined under Title VII, the FLSA, or any other federal, state or local law.

18.

This defendant denies the allegations contained in paragraph 18 of plaintiff's Complaint.  Responding further, this defendant denies any claim, suggestion or implication that Shri Yamuna and GSJ Covington constituted a single, integrated or

{Firm/1237/00090/DRAFTS/02999425.DOCX }

joint employer or enterprise as defined under Title VII, the FLSA, or any other federal, state or local law.

19.

This defendant denies the allegations contained in paragraph 19 of plaintiff's Complaint.  Responding further, this defendant denies any claim, suggestion or implication that Shri Yamuna and GSJ Covington constituted a single, integrated or joint employer or enterprise as defined under Title VII, the FLSA, or any other federal, state or local law.

20.

This defendant denies the allegations contained in paragraph 20 of plaintiff's Complaint.  Responding further, this defendant denies any claim, suggestion or implication that Shri Yamuna and GSJ Covington constituted a single, integrated or joint employer or enterprise as defined under Title VII, the FLSA, or any other federal, state or local law.

21.

This defendant denies the allegations contained in paragraph 21 of plaintiff's Complaint.  Responding further, this defendant denies any claim, suggestion or implication that Shri Yamuna and GSJ Covington constituted a single, integrated or joint employer or enterprise as defined under Title VII, the FLSA, or any other federal, state or local law.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

22.

This defendant can neither admit nor deny the allegations contained in paragraph 22 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

23.

This defendant can neither admit nor deny the allegations contained in paragraph 23 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

24.

This defendant denies the allegations contained in paragraph 24 of plaintiff's Complaint.  Responding further, this defendant denies any claim, suggestion or implication that Shri Yamuna, GSJ Covington and Elizabeth Mohammed constituted a single, integrated or joint employer or enterprise as defined under Title VII, the FLSA, or any other federal, state or local law.

25.

This defendant denies the allegations contained in paragraph 25 of plaintiff's Complaint.  Responding further, this defendant denies any claim, suggestion or implication that Shri Yamuna, GSJ Covington and Elizabeth Mohammed constituted a single, integrated or joint employer or enterprise as defined under Title VII, the FLSA, or any other federal, state or local law.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

26.

This defendant can neither admit nor deny the allegations contained in paragraph 26 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

## ADMINISTRATIVE EXHAUSTION

27.

This defendant can neither admit nor deny the allegations contained in paragraph 27 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

28.

This defendant can neither admit nor deny the allegations contained in paragraph 28 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

29.

This defendant can neither admit nor deny the allegations contained in paragraph 29 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

30.

This defendant can neither admit nor deny the allegations contained in paragraph 30 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

## **STATEMENT OF FACTS**

31.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant can neither admit nor deny the remaining allegations contained in paragraph 31 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

32.

This defendant can neither admit nor deny the allegations contained in paragraph 32 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

33.

This defendant can neither admit nor deny the allegations contained in paragraph 33 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

34.

This defendant admits that Gani Mohammed is Elizabeth Mohammed's husband and Lukmon Mohammed's father.  This defendant can neither admit nor deny the remaining allegations contained in paragraph 34 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

35.

This defendant can neither admit nor deny the allegations contained in paragraph 35 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

36.

This defendant can neither admit nor deny the allegations contained in paragraph 36 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

37.

This defendant can neither admit nor deny the allegations contained in paragraph 37 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

38.

This defendant can neither admit nor deny the allegations contained in paragraph 38 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same

39.

This defendant admits that Lukmon Mohammed is the son of Elizabeth Mohammed.

40.

This defendant can neither admit nor deny the allegations contained in paragraph 40 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

41.

This defendant can neither admit nor deny the allegations contained in paragraph 41 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

42.

This defendant can neither admit nor deny the allegations contained in paragraph 42 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

43.

This defendant can neither admit nor deny the allegations contained in paragraph 43 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

44.

This defendant can neither admit nor deny the allegations contained in paragraph 44 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

45.

This defendant can neither admit nor deny the allegations contained in paragraph 45 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

46.

This defendant can neither admit nor deny the allegations contained in paragraph 46 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

47.

This defendant can neither admit nor deny the allegations contained in paragraph 47 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

48.

This defendant can neither admit nor deny the allegations contained in paragraph 48 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

49.

This defendant can neither admit nor deny the allegations contained in paragraph 49 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

50.

This defendant can neither admit nor deny the allegations contained in paragraph 50 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

51.

This defendant can neither admit nor deny the allegations contained in paragraph 51 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

52.

This defendant can neither admit nor deny the allegations contained in paragraph 52 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

53.

This defendant can neither admit nor deny the allegations contained in paragraph 53 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

54.

This defendant can neither admit nor deny the allegations contained in paragraph 54 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

55.

This defendant can neither admit nor deny the allegations contained in paragraph 55 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

56.

This defendant can neither admit nor deny the allegations contained in paragraph 56 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

57.

This defendant can neither admit nor deny the allegations contained in paragraph 57 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

58.

This defendant can neither admit nor deny the allegations contained in paragraph 58 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

59.

This defendant can neither admit nor deny the allegations contained in paragraph 59 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

60.

This defendant can neither admit nor deny the allegations contained in paragraph 60 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

61.

This defendant can neither admit nor deny the allegations contained in paragraph 61 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

62.

This defendant can neither admit nor deny the allegations contained in paragraph 62 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

63.

This defendant can neither admit nor deny the allegations contained in paragraph 63 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

64.

This defendant can neither admit nor deny the allegations contained in paragraph 64 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

65.

This defendant can neither admit nor deny the allegations contained in paragraph 65 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

66.

This defendant can neither admit nor deny the allegations contained in paragraph 66 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

67.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. Finally, this defendant denies all remaining allegations contained in paragraph 67 of plaintiff's Complaint.

68.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. Finally, this defendant denies all remaining allegations contained in paragraph 68 of plaintiff's Complaint.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

69.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. Finally, this defendant denies all remaining allegations contained in paragraph 69 of plaintiff's Complaint.

70.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. Finally, this defendant denies all remaining allegations contained in paragraph 70 of plaintiff's Complaint.

## COUNT I

### Hostile Work Environment Based on Sex in Violation of Title VII

*(Against Shri Yamuna Enterprises Inc. d/b/a Marco's Pizza
and GSJ Covington LLC d/b/a Marco's Pizza)*

### 71.

This defendant incorporates as if fully set forth herein its responses to paragraphs 1 through 70 of plaintiff's Complaint.

### 72.

This defendant admits the allegations contained in paragraph 72 of plaintiff's Complaint.

### 73.

This defendant can neither admit nor deny the allegations contained in paragraph 73 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

### 74.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This

- 20 -

defendant can neither admit nor deny the remaining allegations contained in paragraph 74 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

75.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant can neither admit nor deny the remaining allegations contained in paragraph 75 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

76.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This

{Firm/1237/00090/DRAFTS/02999425.DOCX }

defendant can neither admit nor deny the remaining allegations contained in paragraph 76 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

77.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant can neither admit nor deny the remaining allegations contained in paragraph 77 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

78.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This

{Firm/1237/00090/DRAFTS/02999425.DOCX }

defendant can neither admit nor deny the remaining allegations contained in paragraph 78 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

79.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant can neither admit nor deny the remaining allegations contained in paragraph 79 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

80.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This

{Firm/1237/00090/DRAFTS/02999425.DOCX }

defendant can neither admit nor deny the remaining allegations contained in paragraph 80 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

81.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant denies the remaining allegations contained in paragraph 81 of plaintiff's Complaint.

82.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This

defendant denies the remaining allegations contained in paragraph 82 of plaintiff's Complaint.

83.

This defendant admits only that plaintiff purports to seek relief under Title VII, but denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law.  Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

**COUNT II**

**<u>Retaliation in Violation of Title VII</u>**

*(Against Shri Yamuna Enterprises Inc. d/b/a Marco's Pizza*
*and GSJ Covington LLC d/b/a Marco's Pizza)*

84.

This defendant incorporates as if fully set forth herein its responses to paragraphs 1 through 83 of plaintiff's Complaint.

85.

Paragraph 85 of plaintiff's Complaint states a legal conclusion and, therefore, does not require a response.  To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that

- 25 -

this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant can neither admit nor deny the remaining allegations contained in paragraph 85 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

86.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant denies the remaining allegations contained in paragraph 86 of plaintiff's Complaint.

87.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined

under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant denies the remaining allegations contained in paragraph 87 of plaintiff's Complaint.

88.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant denies the remaining allegations contained in paragraph 88 of plaintiff's Complaint.

89.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would

{Firm/1237/00090/DRAFTS/02999425.DOCX }

subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant denies the remaining allegations contained in paragraph 89 of plaintiff's Complaint.

90.

This defendant admits only that plaintiff purports to seek relief under Title VII, but denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

## **COUNT III**

### **Tip Theft in Violation of FLSA**

*(Against Shri Yamuna Enterprises Inc. d/b/a Marco's Pizza,
GSJ Covington LLC d/b/a Marco's Pizza, and Elizabeth Mohammed)*

91.

This defendant incorporates as if fully set forth herein its responses to paragraphs 1 through 90 of plaintiff's Complaint.

- 28 -

92.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law.

93.

This defendant can neither admit nor deny the allegations contained in paragraph 93 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same

94.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant can neither admit nor deny the remaining allegations contained in paragraph 94 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

95.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant can neither admit nor deny the remaining allegations contained in paragraph 95 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

96.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. This defendant denies all remaining allegations contained in paragraph 96 of plaintiff's Complaint.

97.

Paragraph 97 of plaintiff's Complaint states a legal conclusion and, therefore, does not require a response. To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle

plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

98.

Paragraph 98 of plaintiff's Complaint states a legal conclusion and, therefore, does not require a response. To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

99.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant denies the remaining allegations contained in paragraph 99 of plaintiff's Complaint.

- 31 -

100.

Paragraph 100 of plaintiff's Complaint states a legal conclusion and, therefore, does not require a response.  To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law.  Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.  This defendant denies the remaining allegations contained in paragraph 100 of plaintiff's Complaint.

101.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.  This defendant denies the remaining allegations contained in paragraph 101 of plaintiff's Complaint.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

102.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant denies the remaining allegations contained in paragraph 102 of plaintiff's Complaint.

## COUNT IV

## Civil Assault

### *(Against Lukmon Mohammed)*

103.

This defendant incorporates as if fully set forth herein its responses to paragraphs 1 through 102 of plaintiff's Complaint.

104.

Paragraph 104 of plaintiff's Complaint is not directed to this defendant and, therefore, does not require a response. To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII,

the FLSA, or any or any other federal, state or local law.  Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

105.

Paragraph 105 of plaintiff's Complaint is not directed to this defendant and, therefore, does not require a response.  To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law.  Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

106.

Paragraph 106 of plaintiff's Complaint is not directed to this defendant and, therefore, does not require a response.  To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law.  Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or

- 34 -

which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

107.

Paragraph 107 of plaintiff's Complaint is not directed to this defendant and, therefore, does not require a response. To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

108.

Paragraph 108 of plaintiff's Complaint is not directed to this defendant and, therefore, does not require a response. To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

109.

Paragraph 109 of plaintiff's Complaint is not directed to this defendant and, therefore, does not require a response. To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

110.

Paragraph 110 of plaintiff's Complaint is not directed to this defendant and, therefore, does not require a response. To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

111.

Paragraph 111 of plaintiff's Complaint is not directed to this defendant and, therefore, does not require a response. To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

## COUNT V

## Civil Battery

*(Against Lukmon Mohammed)*

112.

This defendant incorporates as if fully set forth herein its responses to paragraphs 1 through 111 of plaintiff's Complaint.

113.

Paragraph 113 of plaintiff's Complaint is not directed to this defendant and, therefore, does not require a response. To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII,

the FLSA, or any or any other federal, state or local law.  Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

114.

Paragraph 114 of plaintiff's Complaint is not directed to this defendant and, therefore, does not require a response.  To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law.  Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

115.

Paragraph 115 of plaintiff's Complaint is not directed to this defendant and, therefore, does not require a response.  To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law.  Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or

{Firm/1237/00090/DRAFTS/02999425.DOCX }

which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

116.

Paragraph 116 of plaintiff's Complaint is not directed to this defendant and, therefore, does not require a response. To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

117.

Paragraph 117 of plaintiff's Complaint is not directed to this defendant and, therefore, does not require a response. To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

118.

Paragraph 118 of plaintiff's Complaint is not directed to this defendant and, therefore, does not require a response.  To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law.  Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

119.

Paragraph 119 of plaintiff's Complaint is not directed to this defendant and, therefore, does not require a response.  To the extent a response is required, this defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law.  Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.

## COUNT VI

## **Intentional Infliction of Emotional Distress**

### *(Against All Defendants)*

120.

This defendant incorporates as if fully set forth herein its responses to paragraphs 1 through 119 of plaintiff's Complaint.

121.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant can neither admit nor deny the remaining allegations contained in paragraph 121 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

122.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law.

Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant can neither admit nor deny the remaining allegations contained in paragraph 122 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

123.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant denies the remaining allegations contained in paragraph 123 of plaintiff's Complaint.

124.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would

subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant denies the remaining allegations contained in paragraph 124 of plaintiff's Complaint.

125.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant denies the remaining allegations contained in paragraph 125 of plaintiff's Complaint.

126.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This

{Firm/1237/00090/DRAFTS/02999425.DOCX }

defendant denies the remaining allegations contained in paragraph 126 of plaintiff's Complaint.

## COUNT VII

## Punitive Damages Pursuant to O.C.G.A. § 51-12-5.1

*(Against All Defendants)*

127.

This defendant incorporates as if fully set forth herein its responses to paragraphs 1 through 126 of plaintiff's Complaint.

128.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant denies the remaining allegations contained in paragraph 128 of plaintiff's Complaint.

129.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined

{Firm/1237/00090/DRAFTS/02999425.DOCX }

under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant denies the remaining allegations contained in paragraph 129 of plaintiff's Complaint.

130.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant denies the remaining allegations contained in paragraph 130 of plaintiff's Complaint.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

## COUNT VIII

## Expenses of Litigation Pursuant to O.C.G.A. § 13-6-11

*(Against All Defendants)*

131.

This defendant incorporates as if fully set forth herein its responses to paragraphs 1 through 130 of plaintiff's Complaint.

132.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law. This defendant denies the remaining allegations contained in paragraph 132 of plaintiff's Complaint.

133.

This defendant denies that it employed plaintiff and denies any claim, suggestion or implication that this defendant constitutes an employer as defined under Title VII, the FLSA, or any or any other federal, state or local law. Responding further, this defendant denies that it engaged in any conduct that would

{Firm/1237/00090/DRAFTS/02999425.DOCX }

subject it to liability or which would entitle plaintiff to any damages from this defendant under Title VII, the FLSA, or any other federal, state, or local law.  This defendant denies the remaining allegations contained in paragraph 133 of plaintiff's Complaint.

134.

This defendant denies all allegations, to the extent that they exist, in the unnumbered "WHEREFORE" section, including all subparts, of plaintiff's Complaint.  Further, this defendant denies that plaintiff is entitled to any of the relief requested in the "WHEREFORE" section, including all subparts, of plaintiff's Complaint.

135.

All other allegations contained in plaintiff's Complaint not hereinbefore specifically responded to are hereby denied.

**THIRD DEFENSE**

To the extent as may be shown by the evidence through discovery, this defendant asserts that the matters in question and plaintiff's alleged damages were caused by acts and/or failures to act of persons other than this defendant and over whom this defendant had no control.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

## FOURTH DEFENSE

No act or omission by this defendant either proximately caused or contributed to whatever injury or damage plaintiff alleges that she has sustained.

## FIFTH DEFENSE

This defendant did not employ plaintiff and is not plaintiff's employer under Title VII, the FLSA or any other applicable law.

## SEVENTH DEFENSE

This defendant does not qualify as a "joint employer" or "integrated enterprise" under Title VII, the FLSA or any other federal, state or local law.

## EIGHTH DEFENSE

This defendant has acted at all times upon the existence of reasonable grounds of belief formed at the time and in light of the circumstances known to it. Further, this defendant has at all times acted in good faith and in a reasonable and prudent manner and has at all times acted consistently with all applicable legal standards.

## NINTH DEFENSE

This defendant is not liable to plaintiff because it has not discriminated against plaintiff on the basis of her sex, gender, or any other protected ground and has not subjected plaintiff to a hostile work environment.  Further, this defendant has not unlawfully retaliated against plaintiff for engaging in any alleged protected activity,

nor has this defendant engaged in any other unlawful employment practices with regards to plaintiff.

## TENTH DEFENSE

At all times material hereto, this defendant has acted in good faith and reasonably believed that none of the conduct alleged by plaintiff was in violation of Title VII, the FLSA or any other applicable law.  Further, this defendant did not know, or show reckless disregard for plaintiff's rights under any applicable law.

## ELEVENTH DEFENSE

This defendant has not deprived plaintiff of any rights, privileges or immunities secured under the United States Constitution, the laws of the United States or state or local law.

## TWELFTH DEFENSE

Plaintiff's claims are barred and/or estopped by her own conduct from any recovery or relief in this action.  Further, some or all of her claims are barred by the doctrines of estoppel, release, waiver, ratification, laches and/or unclean hands.

## THIRTEENTH DEFENSE

Plaintiff's claims against this defendant are barred to the extent that plaintiff has failed to satisfy all jurisdictional and administrative prerequisites for such claims, including the failure to exhaust applicable administrative remedies.

{Firm/1237/00090/DRAFTS/02999425.DOCX }

## FOURTEENTH DEFENSE

This defendant has taken no action against plaintiff in a willful, malicious, reckless, egregious or wanton manner, nor has this defendant acted in bad faith or with conscious or deliberate indifference to or disregard for plaintiff's legal rights.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to mitigate damages, if any, as required by law.

## SIXTEENTH DEFENSE

Some or all of plaintiff's damages claims are capped by statute and, so, plaintiff is prohibited from claiming or collecting any damages which exceed any statutory cap.

## SEVENTEENTH DEFENSE

This defendant asserts each affirmative defense set out in Rule 8 of the Federal Rules of Civil Procedure to the extent applicable and developed by the evidence in discovery.

## EIGHTEENTH DEFENSE

This defendant states that it may have further and additional affirmative defense which are not yet known to this defendant, but which may become known through future discovery. This defendant specifically reserves the right to assert

each and every affirmative defense as it may be ascertained through future discovery herein.

WHEREFORE, having answered fully, defendant GSJ COVINGTON LLC respectfully request that this Court dismiss plaintiff's Complaint and cast all costs against plaintiff.

**DEFENDANT DEMANDS A TRIAL BY JURY OF 12 JURORS.**

Respectfully submitted this 29th day of March, 2021.

> **Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**
>
> */s/ Sean Keenan*
> Sean Keenan
> Georgia Bar No. 523871
> Email: skeenan@cmlawfirm.com
> Direct Dial: 678-684-2154
>
> */s/ Alexa L. Morris*
> Alexa L. Morris
> Georgia Bar No. 995229
> Email: amorris@cmlawfirm.com
> Direct Dial: 678-684-2134

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
Facsimile: 404-881-2630

> *Attorneys for Defendant*
> *GSJ Covington LLC*

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 7.1</u>

The undersigned attests that this document was prepared in Times New Roman, 14-point font that complies with this Court's Rules.

This 29th day of March, 2021.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

*/s/ Sean Keenan*
Sean Keenan
Georgia Bar No. 523871

{Firm/1237/00090/DRAFTS/02999425.DOCX }

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day electronically filed **ANSWER AND DEFENSES OF DEFENDANT GSJ COVINGTON LLC TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically serve a copy of same upon all counsel of record as follows:

Justin M. Scott
Michael David Forrest
SCOTT EMPLOYMENT LAW, P.C.
160 Clairemont Ave., Ste 610
Decatur, GA 30030
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

*(Attorneys for Plaintiff)*

This 29th day of March, 2021.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

*/s/ Sean Keenan*
Sean Keenan
Georgia Bar No. 523871