**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ELYANA SNEAUX f/k/a SHANECIA CULBREATH,<br><br>        Plaintiff,<br><br>v.<br><br>SHRI YAMUNA ENTERPRISES INC. d/b/a MARCO'S PIZZA, GSJ COVINGTON LLC, LUKMON MOHAMMED, and ELIZABETH MOHAMMED,<br><br>        Defendants. | Civil Case No:<br><br> 1:21-cv-00380-LMN-JKL<br><br><br>**JURY TRIAL DEMANDED** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS SHRI YAMUNA ENTERPRISES INC. d/b/a MARCO'S PIZZA, LUKMON MOHAMMED, and ELIZABETH MOHAMMED**

Defendant Shri Yamuna Enterprises Inc. ("Defendant Shri Yamuna", "Marco's Pizza", "Mrs. Mohammed" or "Defendants") hereby  Answers Plaintiff's Complaint as follows:

**INTRODUCTION**

1.     This case concerns sexual harassment, sexual battery, and retaliation. Plaintiff, a former delivery driver for Marco's Pizza, was subjected to repeated sexual harassment by Lukmon Mohammed, a Shift Supervisor and/or manager-in-training with supervisory authority over Plaintiff, while she was at work. Lukmon Mohammed also sexually assaulted Plaintiff at a party hosted by and for Plaintiff's fellow employees. Lukmon Mohammed's sexual harassment and

1

sexual assault of Plaintiff caused her to suffer emotional distress, inconvenience, mental anguish, and loss of enjoyment of life. Plaintiff also suffered significant physical injury as a direct and proximate result of Lukmon Mohammed's sexual assault.

**Answer: Denied**

2.    When Plaintiff notified her store manager of the sexual assault, Lukmon Mohammed's mother, Elizabeth Mohammed—a co-owner of the Marco's Pizza franchise at which Plaintiff and Lukmon Mohammed worked—retaliated against Plaintiff in a variety of ways, including: (1) reducing Plaintiff's hours such that she would make less money; (2) hiding the hours sheet from Plaintiff; (3) instructing Plaintiff's coworkers not to talk to her; (4) sending Plaintiff on deliveries outside of her store's delivery area, causing Plaintiff to make less money; (5) deleting Plaintiff's hours from the payroll system; (6) knowingly scheduling Plaintiff for shifts that conflicted with her school schedule; (7) scheduling Plaintiff for 12-hour shifts, despite never having assigned Plaintiff such lengthy shifts before; (8) ordering the store manager to punish Plaintiff for dress-code violations, even though Plaintiff's coworkers were not disciplined for similar violations; and (9) denigrating Plaintiff in front of her coworkers for reporting the sexual assault. All of this conduct created an immense amount of emotional distress and stress for Plaintiff, and ultimately forced Plaintiff to resign.

**Answer: Denied**

3.    Further, after Plaintiff filed a police report again Lukmon Mohammed, Mrs. Mohammed informed Plaintiff that she would no longer receive tips;

reassigned orders with large tips to other drivers to deny Plaintiff those tips; and gave Plaintiff a fraction of the tips to which she was entitled on orders where the customer tipped Plaintiff upon delivery.

**Answer: Denied**

4.    Plaintiff asserts the following claims:

a.  Plaintiff asserts claims against Shri Yamuna and GSJ under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") for hostile work environment (Count I) and retaliation (Count II).

b.  Plaintiff also asserts a tip-theft claim against Shri Yamuna, GSJ, and Mrs. Mohammed under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. (the "FLSA") (Count III).

c.   Plaintiff further asserts claims against Defendants under Georgia law. Specifically, Plaintiff asserts the following state-law claims: civil assault against Lukmon Mohammed (Count IV); civil battery against Lukmon Mohammed (Count V); intentional infliction of emotional distress against all Defendants (Count VI); punitive damages, pursuant to O.C.G.A. § 52-12-5.1, against all defendants (Count VII); and expenses of litigation, including attorney's fees and costs, pursuant to O.C.G.A. § 13-6-11, against all defendants (Count VIII).

**Answer: Plaintiff's Complaint speaks for itself and this paragraph does not require a response.**

## JURISDICTION AND VENUE

5.      This Court has federal-question jurisdiction over Plaintiff's Title VII and FLSA claims, pursuant to 28 U.S.C. § 1331.

**Answer: Admitted.**

6.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state-law claims because such claims are so related to Plaintiff's Title VII and FLSA claims that they form part of the same case or controversy.

**Answer: Admitted.**

7.      Pursuant to 28 U.S.C. § 1391(b), 42 U.S.C. § 2000e-5(f)(3) and Local Rule 3.1(B), venue is proper in this Court because the unlawful employment practices described herein were primarily committed within the Atlanta Division of the Northern District of Georgia, wherein Plaintiff also resides.

**Answer: Admitted.**

## PARTIES

8.      Plaintiff is a citizen of the United States of America and a resident of the State of Georgia; she submits herself to the jurisdiction of this Court. Plaintiff is female.

**Answer: Defendants admit that Plaintiff is female.  Defendants are without sufficient information to form a belief as to the remaining allegations in Paragraph 8 of the Complaint.**

9.    Plaintiff was employed by Marco's Pizza as a Delivery Driver from approximately January 2, 2019, until she was forced to resign on or around July 15, 2019. The specific store location at which Plaintiff worked is located at 2133 Highway 20, Conyers, Georgia 30013.

**Answer: Defendants admit that Plaintiff was employed by Marco's Pizza and that she worked at the store located at 2133 Highway 20, Conyers, Georgia 30013.  The remaining allegations in paragraph 9 are Denied.**

10.    On information and belief, Defendant Shri Yamuna is a Georgia for-profit corporation with its principal office address at 150 Marble Springs Road, Lilburn, Georgia 30047. On information and belief, the CEO of Shri Yamuna is Gani Mohammed.

**Answer: Admitted.**

11.    Shri Yamuna may be served with process through its registered agent, Rizwan Momin, at 150 Marble Springs Road, Lilburn, Georgia 30047.

**Answer: Admitted.**

12.    Upon information and belief, Shri Yamuna had gross annual revenues in excess of $500,000 at all relevant times.

**Answer: Admitted**

13.    Defendant GSJ is a Georgia limited-liability company with its principal office address at 150 Marble Springs Road, Lilburn, Georgia 30047. GSJ may be served via its registered agent, Gani Mohammed, at 150 Marble Springs Road, Lilburn, Georgia 30047.

**Answer: Admitted.**

14.     Upon information and belief, GSJ had gross annual revenues in excess of $500,000 at all relevant times.

**Answer: Admitted**

15.     On information and belief, Shri Yamuna, together with GSJ, operated a chain of Marco's Pizza restaurants in Georgia as an integrated enterprise at all relevant times.

**Answer: Defendants admit that Shri Yamuna and GSJ operate a chain of Marco's Pizza restaurants.   The remaining allegations in paragraph 15 are Denied.**

16.     At all relevant times, Defendants Shri Yamuna and GSJ were a single employer of Plaintiff within the definition of Title VII.

**Answer: Denied.**

17.     Additionally, or alternatively, Shri Yamuna and GSJ were "joint employers" under Title VII at all relevant times because, on information and belief: they had and have highly interrelated and integrated operations and management; shared and share Human Resources and payroll functions; jointly controlled the essential terms and conditions of Plaintiff's employment; jointly employed Plaintiff; and Plaintiff's work benefitted them and/or furthered their joint interests, directly and/or indirectly.

**Answer: Denied.**

18.     Plaintiff was an "employee" of Shri Yamuna and GSJ within the meaning of Title VII.

**Answer: Admitted.**

19.     On information and belief, at all relevant times, Shri Yamuna and GSJ comprised a single "joint enterprise" under the FLSA because they: engaged in the joint operation of Marco's Pizza stores in Georgia; shared a unified and/or common control scheme, including shared ownership and management, as indicated by Gani Mohammed's involvement with both businesses, their shared principal office addresses, and their shared use of employees at multiple locations; and had the common business purpose of owning and operating Marco's Pizza stores.

**Answer: Denied.**

20.     On information and belief, at all relevant times, Shri Yamuna and GSJ constituted a "single employer" or "single integrated employer" under the FLSA because they had: interrelated operations; centralized control of their employees; and common management, ownership and/or financial control, as shown by Gani Mohammed's involvement with both businesses, their shared principal office addressees, and their shared employees.

**Answer: Denied.**

21.     Additionally, or alternatively, Shri Yamuna and GSJ comprised "joint employers" under the FLSA because, at all relevant times: they had highly interrelated and integrated operations and management; they shared Human Resources and payroll functions; they jointly controlled the essential terms

and conditions of Plaintiff's employment; they jointly employed Plaintiff; and Plaintiff's work benefitted them and/or furthered their joint interests.

**Answer: Denied.**

22.    Defendant Elizabeth Mohammed was and is a co-owner of Marco's Pizza and conducts business in the Northern District of Georgia. On information and belief, Mrs. Mohammed is a Georgia resident and resides in the Northern District of Georgia.

**Answer: Admitted.**

23.    At all relevant times, Mrs. Mohammed: asserted control of Marco's Pizza's day-to-day operations; had supervisory authority over Plaintiff; had the authority to make, and did make, hiring and firing decisions for Marco's Pizza; and made the decision to withhold Plaintiff's tips, in violation of the FLSA. Therefore, Mrs. Mohammed was and is an "employer" within the meaning of the FLSA.

**Answer: Defendants admit that Mrs. Mohammed was Plaintiff's supervisor and had the authority to make hiring and firing decisions. The remaining allegations in Paragraph 23 are Denied.**

24.    At all relevant times, Shri Yamuna, GSJ, and Mrs. Mohammed were employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(m)(2)(B).

**Answer: Denied.**

25.    Plaintiff was an "employee" of Shri Yamuna, GSJ, and Elizabeth

Mohammed within the meaning of the FLSA.

**Answer: Denied.**

26.     At all relevant times, Defendant Lukmon Mohammed had supervisory and/or managerial authority over Plaintiff. On information and belief, Lukmon Mohammed is a Georgia resident and resides in the Northern District of Georgia.

**Answer: Defendants admit that Lukmon Mohammed is a Georgia resident and resides in the Northern District of Georgia and had managerial authority over Plaintiff.  The remaining allegations in Paragraph 26 are Denied.**

## ADMINISTRATIVE EXHAUSTION

27.     Plaintiff has satisfied all administrative prerequisites for bringing her Title VII claims in this Court.

**Answer: Defendants are without sufficient information to form a belief as to the allegations in Paragraph 27 of the Complaint.**

28.     On June 19, 2019, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), in which she asserted her Title VII claims for hostile work environment and retaliation against Marco's Pizza.

**Answer: Defendants admit that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  That Charge of Discrimination speaks for itself.  The remaining allegations in Paragraph**

**28 are Denied.**

29.     On January 19, 2021, the EEOC issued a Notice of Right to Sue regarding Plaintiff's Charge of Discrimination.

**Answer: Defendants respond that the Notice of Right to Sue speaks for itself.**

30.     Plaintiff brings this suit within ninety (90) days of her receipt of the Notice of Right to Sue.

**Answer: Defendants admit that Plaintiff filed this suit on the day reflected in the official court record.**

## STATEMENT OF FACTS

31.     Plaintiff is a former employee of Marco's Pizza. Plaintiff began her employment with Marco's Pizza in January 2019. Her title was Delivery Driver.

**Answer: Admitted.**

32.     As a Delivery Driver, Plaintiff regularly and routinely received tips on the orders that she delivered for Marco's Pizza.

**Answer: Admitted.**

33.     Elizabeth Mohammed was an owner of the Marco's Pizza franchise at which Plaintiff worked (the "Restaurant"). At the time that Plaintiff was hired on or about January 2, 2019, Mrs. Mohammed actively managed the day-to-day operations of the Restaurant.

**Answer: Defendants admit that Elizabeth Mohammed managed the day to day operations of the restaurant at the time Plaintiff was hired. The remaining allegations in Paragraph 33 are Denied.**

34.     On information and belief, Gani Mohammed was and is Mrs. Mohammed's husband, Lukmon Mohammed's father, and a co-owner and/or manager of Marco's Pizza.

**Answer: Admitted.**

35.     At approximately the end of January 2019, Marco's Pizza hired Jason Fulford as the Restaurant's General Manager. Mr. Fulford remained General Manager until approximately September 2019, at which time he voluntarily resigned.

**Answer: Admitted.**

36.     As the Restaurant's General Manager, Mr. Fulford was responsible for hiring and firing decisions, making the schedules for the Restaurant's employees, and managing the day-to-day operations of the store.

**Answer: Admitted.**

37.     Despite Mr. Fulford's position as General Manager, Mrs. Mohammed regularly exerted managerial control over the Restaurant, including making hiring and firing decisions, and altering work schedules.

**Answer: Denied as stated.**

38.     Lukmon Mohammed worked at the Restaurant with Plaintiff. Lukmon

Mohammed held the position of Shift Supervisor at all times relevant to Plaintiff's claims. Lukmon Mohammed was also a manager-in-training.

**Answer: Defendants admit that Lukmon Mohammed worked at the restaurant with Plaintiff as a Shift Supervisor. The remaining allegations in paragraph 38 are Denied.**

39.    Lukmon Mohammed is the son of Mrs. Mohammed.

**Answer: Admitted.**

40.    As Shift Supervisor, Lukmon Mohammed had supervisory authority over the Restaurant's Delivery Drivers, including Plaintiff. More specifically, Lukmon Mohammed was responsible for, *inter alia*, ensuring that Restaurant employees followed company policy, pursuant to which he had the authority to discipline his subordinates.

**Answer: Denied as stated.**

41.    As part of Plaintiff's duties, she would return to the Restaurant between deliveries to pick up delivery orders. On one occasion while Plaintiff was at the Restaurant, Lukmon Mohammed asked her "when are you going to give me that neck," a reference to oral sex. Plaintiff expressly opposed Lukmon Mohammed's unwanted and unsolicited sexual advances. Nevertheless, Lukmon Mohammed responded that Plaintiff was "going to give him that neck."

**Answer: Defendants admit that Plaintiff would pick up deliver orders from the restaurant. The remaining allegations in paragraph 41 are Denied.**

42.     On or about February 26, 2019, Plaintiff attended a party hosted by a coworker for fellow Restaurant employees. Lukmon Mohammed also attended this party. Plaintiff brought her then friend to the party, who was the only person present at the party who was not a Restaurant employee.

**Answer: Defendant Lukmon admits that he attended the same party as Plaintiff on or about February 26, 2019.  All Defendants are without sufficient information to form a belief as to the remaining allegations in Paragraph 42 of the Complaint.**

43.     While at the party, Plaintiff accepted a drink from Lukmon Mohammed. Immediately afterwards, she became unable to move her legs and felt paralyzed. Plaintiff's friend was also drugged.

**Answer: Denied.**

44.     Lukmon Mohammed then carried Plaintiff to the bathroom and sat her on the toilet after pulling down her pants.

**Answer: Denied.**

45.     During the assault, Plaintiff lost and regained consciousness repeatedly. During one of the times that she regained consciousness; Lukmon Mohammed was attempting to force his penis into her mouth. In doing so, Lukmon Mohammed repeatedly slapped Plaintiff in the face, shouting, "Open your mouth!"

**Answer: Denied.**

46.     On another occasion when Plaintiff regained consciousness, Lukmon

Mohammed was forcibly penetrating her vagina with his hand.

**Answer: Denied.**

47.    On a third occasion, Plaintiff woke up to find herself completely naked. Lukmon Mohammed was not present in the bathroom, but Plaintiff could hear him discussing obtaining condoms with a man nicknamed "Siamese" so that Lukmon Mohammed could have sex with Plaintiff. Despite his efforts to obtain condoms, Lukmon Mohammed ultimately did not have sex with Plaintiff.

**Answer: Denied.**

48.    At no point did Plaintiff consent to Lukmon Mohammed's actions in sexually assaulting her, either prior to or during the assault.

**Answer: Denied.**

49.    Plaintiff awoke late the next morning and drove home.

**Answer: Defendants are without sufficient information to form a belief as to the allegations in Paragraph 49 of the Complaint.**

50.    As a result of the sexual assault, Plaintiff suffered significant vaginal injuries, for which she sought medical treatment, in addition to severe emotional and mental stress.

**Answer: Denied.**

51.    On or about April 3, 2019, Plaintiff confronted Lukmon Mohammed about the sexual assault. During this confrontation, Lukmon Mohammed

confessed to sexually assaulting Plaintiff. Plaintiff made an audio recording of the conversation with Lukmon Mohammed.

**Answer: Defendant Lukmon Mohammed admits that Plaintiff confronted him. All Defendants deny the remaining allegations in Paragraph 51 of the Complaint.**

52.    On or about April 8, 2019, Plaintiff took the audio recording of her conversation with Lukmon Mohammed and filed a police report with the Atlanta Police Department.

**Answer: Defendants respond that the police report speaks for itself.**

53.    Shortly after filing the police report, Plaintiff informed Mr. Fulford of the attack and her filing of the police report. Plaintiff requested that she no longer be scheduled to work with Lukmon Mohammed.

**Answer: Admitted**

54.    On information and belief, on May 3, 2019, Lukmon Mohammed was arrested and charged with felony Aggravated Sexual Battery. He was released on bond shortly thereafter. His case before the Superior Court for Fulton County (Case No. 19CP183411) remains pending.

**Answer: Admitted.**

55.    After Lukmon Mohammed's arrest, Mrs. Mohammed was angry with Plaintiff and began retaliating against her. More specifically, Mrs. Mohammed accused Plaintiff of "ruining her family," asserted that Plaintiff was upset that Lukmon Mohammed had rejected her, and claimed that

Lukmon Mohammed "can have any female he wants." Mrs. Mohammed made these statements in front of Plaintiff's coworkers.

**Answer: Denied.**

56.      Mrs. Mohammed told Mr. Fulford that Plaintiff was "crying rape." Mr. Fulford believed that Mrs. Mohammed was anxious to punish Plaintiff for reporting the attack.

**Answer: Denied.**

57.      Mrs.Mohammed instructed Plaintiff's coworkers not to talk to Plaintiff. As a result of Mrs. Mohammed's actions and statements, Plaintiff's coworkers called Plaintiff a liar and blamed Plaintiff for Lukmon Mohammed's arrest. Prior to Lukmon Mohammed's arrest, Plaintiff generally got along well with her coworkers.

**Answer: Denied.**

58.      On or about May 17, 2019, Mrs. Mohammed threw a party for the Restaurant's employees, at which Plaintiff's coworkers were permitted to get whatever food that they wanted. However, when Plaintiff attempted to get food, a coworker, Floyd Bates, stated loudly that Mrs. Mohammed had said that Plaintiff was not allowed to get any food. The coworker and Mrs. Mohammed then laughed loudly about Plaintiff being denied food in full view of Plaintiff's other coworkers.

**Answer: Denied.**

59.      Mrs. Mohammed also retaliated against Plaintiff for reporting

Lukmon Mohammed's sexual assault to the Atlanta Police Department by, *inter alia*:

    **a.** Sending Plaintiff home before her shift was scheduled to end without cause;

    **b.** Reducing Plaintiff's scheduled hours from approximately twenty (20) hours per workweek to approximately ten (10) hours per workweek;

    **c.** Sending Plaintiff on deliveries outside of the Restaurant's standard delivery area, causing Plaintiff to complete fewer deliveries and receive fewer tips;

    **d.** Hiding the hours sheet so that Plaintiff could not find it;

    **e.** Deleting Plaintiff's hours from the payroll system after Plaintiff logged them;

    **f.** Scheduling Plaintiff for shifts that Mrs.Mohammed knew conflicted with Plaintiff's full-time class schedule, thereby  effectively reducing Plaintiff's work hours; and

    **g.** Scheduling Plaintiff for 12-hour shifts, even though Plaintiff had never worked such long shifts in the past.

    **h.** addition, Mrs. Mohammed began reassigning orders with large tips

**Answer: Denied.**

60.      In addition, Mrs. Mohammed began reassigning orders with large tips to other drivers. As one example, Plaintiff should have been assigned a large order with a tip of approximately $50 because she was the next available driver in Marco's Pizza's automated delivery-assignment system. However, Mrs. Mohammed manually reassigned the delivery to another driver who was out on another delivery, even though Plaintiff already was available to

make the delivery. Mrs. Mohammed expressly told Plaintiff that she was reassigning the delivery to deny Plaintiff the tip.

**Answer: Denied.**

61.     As another example, after Plaintiff finished her deliveries for the evening, she presented her receipts to Mrs. Mohammed to cash out those tips that had been given to her by customers upon delivery. Despite the fact that the receipts indicated that Plaintiff should have received approximately $40 in tips, Mrs.Mohammed only gave her around $5. When Plaintiff asked why Mrs. Mohammed was withholding her tips, Mrs. Mohammed gave no explanation.

**Answer: Denied.**

62.     Further, in approximately June 2019, Mrs. Mohammed retaliated against Plaintiff by instructing Mr. Fulford, the General Manager, to discipline Plaintiff for a dress-code infraction, allegedly because Plaintiff was wearing open-heeled shoes and was not wearing a hat, even though two of Plaintiff's coworkers were not disciplined despite being similarly dressed. In addition, neither Mrs. Mohammed nor Mr. Fulford were wearing a company hat.

**Answer: Defendants deny that they retailed against Plaintiff. Defendants further answer that Plaintiff's allegations as asserted in Paragraph 62 were contrary to company policy. The remaining allegations in Paragraph 62 are Denied.**

63.     Plaintiff had worn the same open-heeled shoes since she began

working at the Restaurant, without incident or comment by Mr. Fulford or Mrs. Mohammed, and without any discipline whatsoever.

**Answer: Denied.**

64.    Plaintiff repeatedly complained to Mr. Fulford about the harassment that she was suffering at Mrs. Mohammed's hands. Mr. Fulford would respond that it was "out of his hands," or words to that effect.

**Answer: Denied.**

65.    As a direct result of Mrs. Mohammed's harassment and retaliation, Plaintiff became depressed and had to seek counseling. Plaintiff received counseling through Fulton County's Victims Assistance Program for approximately four months, at which point she exhausted the counseling available to her through that program. Plaintiff remains in need of counseling but lacks health insurance or other means to obtain counseling.

**Answer: Defendants deny that they harassed and retaliated against Plaintiff. Defendants are without sufficient information to form a belief as to the allegations in Paragraph 65 of the Complaint.**

66.    Ultimately, Mrs. Mohammed's persistent and continuing retaliatory harassment forced Plaintiff to resign on or about July 15, 2019.

**Answer: Denied.**

67.    Defendant Marco's Pizza's actions in subjecting Plaintiff to severe and/or pervasive harassment constituting a hostile work environment, and retaliating against Plaintiff for opposing the sexual harassment, were willful,

wanton, and/or in reckless disregard for Plaintiff's rights under Title VII.

**Answer: Denied.**

68.     Defendants acted with malice and/or with reckless indifference to Plaintiff's federally-protected rights.

**Answer: Denied.**

69.     Due to Defendants' violations of federal and state law, Plaintiff has suffered emotional distress, inconvenience, mental anguish, and loss of enjoyment of life. Plaintiff also suffered significant physical injury as a direct and proximate result of Lukmon Mohammed's sexual assault.

**Answer: Denied.**

70.     Defendants acted with the specific intent to harm Plaintiff.

**COUNT I**
**Hostile Work Environment Based on Sex in Violation of Title VII**
**(Against Shri Yamuna Enterprises Inc. d/b/a Marco's Pizza and GSJ Covington LLC d/b/a Marco's Pizza)**

71.     Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

**Answer: Defendants incorporate their responses to Paragraph's 1 – 70 of the Complaint as if fully restated.**

72.     Plaintiff, a woman, is a member of a protected class under Title VII.

**Answer: Defendants admit that Plaintiff is a woman.  The remaining allegations in Paragraph 72 contain a legal conclusion to which Defendant**

**is not required to answer.**

73.    As a Shift Supervisor at the Restaurant and/or manager-in-training for Marco's Pizza, Lukmon Mohammed had authority over Plaintiff at all relevant times.

**Answer: Defendants admit that Lukmon Mohammed had authority over Plaintiff during shifts that they worked together.**

74.    Lukmon Mohammed subjected Plaintiff to severe and/or pervasive harassment based on her sex, which created a hostile work environment in violation of Title VII.

**Answer: Denied.**

75.    Specifically, Lukmon Mohammed repeatedly made sexually-suggestive comments to Plaintiff at the Restaurant while acting as Shift Manager and/or a manager-in-training.

**Answer: Denied.**

76.    Lukmon Mohammed sexually assaulted Plaintiff at an event thrown by and for Plaintiff's coworkers by, *inter alia*, stripping her, attempting to force her to perform oral sex on him, and forcibly penetrating her with his hands.

**Answer: Denied.**

77.     Following Lukmon Mohammed's sexual assault on Plaintiff, Plaintiff was forced to request an altered work scheduled from Mr. Fulford so that she could avoid working at the same time as Lukmon Mohammed.

**Answer: Denied.**

78.     Once Lukmon Mohammed's sexual assault of Plaintiff became known to the Restaurant's employees, Mrs. Mohammed publicly accused Plaintiff of "crying rape" in front of Plaintiff's coworkers, after which Plaintiff's coworkers avoided her and denigrated her by, among other things, calling her a liar, thereby substantially altering the terms and conditions of Plaintiff's employment.

**Answer: Denied.**

79.     As a consequence of the hostile work environment created by Lukmon Mohammed's sexually-explicit comments and his sexual assault of Plaintiff, and Mrs. Mohammed's subsequent harassment of Plaintiff, Plaintiff experienced emotional distress, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

**Answer: Denied.**

80.     As a consequence of Lukmon Mohammed's sexual assault on Plaintiff, Plaintiff experienced significant physical injury, including vaginal injuries.

**Answer: Denied.**

81.     Defendants' harassment of Plaintiff based on her sex, in his role as a

Shift Manager and/or manager-in-training for Marco's Pizza, was willful, wanton, and/or in reckless disregard for Plaintiff's rights under Title VII.

**Answer: Denied.**

82.    Defendants acted with malice and/or with reckless indifference to Plaintiff's Title VII rights.

**Answer: Denied.**

83.    Plaintiff seeks all available relief under Title VII, including compensatory damages, punitive damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs.

**Answer: Plaintiff's Complaint speaks for itself.**

**COUNT II**
**Retaliation in Violation of Title VII**
**(Against Shri Yamuna Enterprises Inc. d/b/a Marco's Pizza and GSJ Covington LLC d/b/a Marco's Pizza)**

84.    Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

**Answer: Defendants incorporate their responses to Paragraph's 1 – 83 of the Complaint as if fully restated.**

85.    Plaintiff engaged in protected activity under Title VII when she, *inter alia*, (a) opposed Lukmon Mohammed's sexual advances and comments in the workplace; (b) filed a police report against Lukmon Mohammed following his sexual assault on Plaintiff, and (c) complained about Lukmon Mohammed's conduct to Mr. Fulford and asked not to be scheduled to work

with him.

**Answer: Denied as stated.**

86.     Defendants Shri Yamuna and GSJ, through Mrs.Mohammed, retaliated against Plaintiff for engaging in protected activity covered by Title VII by, *inter alia*: (1) reducing Plaintiff's hours such that she would make less money; (2) accusing Plaintiff of "crying rape" and instructing Plaintiff's coworkers not to talk to her; (3) sending Plaintiff on deliveries outside of her store's delivery area, causing Plaintiff to make less money; (4) deleting Plaintiff's hours from the payroll system; (5) knowingly scheduling Plaintiff for shifts that conflicted with her school schedule; (6) scheduling Plaintiff for 12-hour shifts, despite never having assigned such lengthy shifts before; and (7) ordering the store manager, Mr. Fulford, to punish Plaintiff for dress-code violations, even though Plaintiff's coworkers were not disciplined for similar violations.

**Answer: Denied.**

87.     As a consequence of the retaliation that she experienced from Shri Yamuna and GSJ, Plaintiff has incurred lost wages and benefits, and experienced emotional distress, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.

**Answer: Denied.**

88.     The actions and inactions of Shri Yamuna and GSJ in retaliating against Plaintiff for engaging in protected activity were willful, wanton, and/or in reckless disregard for Plaintiff's rights under Title VII.

**Answer: Denied.**

89.    Defendants acted with malice and/or reckless indifference to Plaintiff's Title VII rights.

**Answer: Denied.**

90.    Plaintiff seeks all available relief under Title VII, including lost wages and benefits, compensatory damages, punitive damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs.

**Answer: Plaintiff's complaint speaks for itself.**

**COUNT III**
**Tip Theft in Violation of the FLSA**
**(Against Shri Yamuna Enterprises Inc. d/b/a Marco's Pizza, GSJ Covington LLC d/b/a Marco's Pizza, and Elizabeth Mohammed)**

91.    Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

**Answer: Defendants incorporate their responses to Paragraph's 1 – 90 of the Complaint as if fully restated.**

92.    At all relevant times, Defendants Shri Yamuna, GSJ, and Elizabeth Mohammed were, and continue to be, employers engaged in commerce within the meaning of the FLSA.

**Answer: Denied**

93.    At all relevant times, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

**Answer: Denied as stated.**

94.     Upon information and belief, Shri Yamuna and GSJ each, and jointly, had gross annual revenues in excess of $500,000.00 at all times relevant times.

**Answer: Admitted.**

95.     At all relevant times, Mrs. Mohammed asserted control of Marco's Pizza's day-to-day operations at the Restaurant, where Plaintiff worked, and made the decisions regarding Plaintiff's compensation, including the decision to withhold tips from Plaintiff in retaliation for reporting Lukmon Mohammed's sexual assault to law enforcement, and is therefore an "employer" within the meaning of the FLSA.

**Answer: Denied.**

96.     At all relevant times, Shri Yamuna, GSJ, and Mrs. Mohammed employed Plaintiff within the meaning of the FLSA.

**Answer: Denied**

97.     The tipped wage provisions set forth in the FLSA apply to Shri Yamuna, GSJ, and Mrs. Mohammed, and protect Plaintiff.

**Answer: Denied**

98.     The FLSA forbids employers, such as Shri Yamuna, GSJ, and Mrs. Mohammed, from keeping tips from its employees, such as Plaintiff.

**Answer: The FLSA speaks for itself.**

99.      Shri Yamuna, GSJ, and Mrs. Mohammed violated the FLSA by keeping tips that Plaintiff received as a Delivery Driver by improperly cashing Plaintiff out for tips received from customers upon delivery.

**Answer: Denied.**

100.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 203(m). Because Shri Yamuna's, GSJ's, and Mrs. Mohammed's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**Answer: Denied.**

101.     Shri Yamuna, GSJ, and Mrs. Mohammed did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

**Answer: Denied.**

102.     Due to Shri Yamuna's, GSJ's, and Mrs. Mohammed's FLSA violations, Plaintiff is entitled to recover from Shri Yamuna, GSJ, and Mrs. Mohammed all unlawfully withheld tips, an additional and equivalent amount as liquidated damages, prejudgment and post-judgment interest, and attorneys' fees and costs.

**Answer: Denied.**

## COUNT IV
### Civil Assault
**(Against Lukmon Mohammed)**

103.    Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

**Answer: Defendants incorporate their responses to Paragraph's 1 – 102 of the Complaint as if fully restated.**

104.    By intentionally sexually assaulting Plaintiff, Lukmon Mohammed committed the tort of civil assault.

**Answer: Denied.**

105.    By carrying Plaintiff into a bathroom, removing her clothes, sexually assaulting Plaintiff, and discussing his attempts to find condoms within earshot of Plaintiff, Lukmon Mohammed demonstrated his intent to physically injure Plaintiff.

**Answer: Denied.**

106.    Lukmon Mohammed's sexual assault of Plaintiff, who was incapable of defending herself, was demonstrative of his ability to physically injure Plaintiff.

**Answer: Denied.**

107.    By physically attacking Plaintiff, Lukmon Mohammed caused Plaintiff to reasonably apprehend a violent injury from his unlawful acts.

**Answer: Denied.**

108.    Lukmon Mohammed's actions showed willful misconduct, malice, wantonness, oppression, and the entire want of care which would raise the

presumption of conscious indifference to consequences.

**Answer: Denied.**

109.    Lukmon Mohammed acted with the specific intent to harm Plaintiff.

**Answer: Denied.**

110.    As a direct and proximate result of Lukmon Mohammed's assault of Plaintiff, Plaintiff suffered emotional distress, humiliation, inconvenience, loss of enjoyment of life, and significant physical injury.

**Answer: Denied.**

111.    Plaintiff is entitled to recover compensatory and punitive damages against Lukmon Mohammed, in an amount to be determined by the enlightened conscience of the jury at trial.

**Answer: Denied.**

**COUNT V**
**Civil Battery**
**(Against Lukmon Mohammed)**

112.    Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

**Answer: Defendants incorporate their responses to Paragraph's 1 – 111 of the Complaint as if fully restated.**

113.    By drugging Plaintiff; physically touching and violating Plaintiff in a non-consensual sexual manner, including slapping her face while demanding that she perform oral sex on him; and forcibly penetrating her with his

fingers, Lukmon Mohammed committed the tort of civil battery.

**Answer: Denied.**

114.    A reasonable person would find Lukmon Mohammed's sexual assault of Plaintiff, which involved physically carrying her into a bathroom, physically removing her clothes, manually penetrating her, and forcibly attempting to put his penis into her mouth, to be offensive.

**Answer: Denied.**

115.    Plaintiff did not consent to Lukmon Mohammed's offensive touching, either before or during the assault.

**Answer: Denied.**

116.    Lukmon Mohammed's actions showed willful misconduct, malice, wantonness, oppression, and the entire want of care which would raise the presumption of conscious indifference to consequences.

**Answer: Denied.**

117.    Lukmon Mohammed acted with the specific intent to harm Plaintiff.

**Answer: Denied.**

118.    As a direct and proximate result of Lukmon Mohammed's battery of Plaintiff, Plaintiff suffered emotional distress, humiliation, inconvenience, loss of enjoyment of life, and significant physical injury.

**Answer: Denied.**

119.    Plaintiff is entitled to recover compensatory and punitive damages against Lukmon Mohammed, in an amount to be determined by the enlightened conscience of the jury at trial.

**Answer: Denied.**

## COUNT VI
## Intentional Infliction of Emotional Distress
### (Against All Defendants)

120.    Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

**Answer: Defendants incorporate their responses to Paragraph's 1 – 119 of the Complaint as if fully restated.**

121.    Lukmon Mohammed intentionally and/or with reckless indifference engaged in extreme and outrageous behavior by repeatedly sexually harassing Plaintiff at work by demanding that she perform sexual acts on him.

**Answer: Denied.**

122.    Lukmon Mohammed intentionally and/or with reckless indifference engaged in extreme and outrageous behavior by: drugging Plaintiff; carrying Plaintiff, who was semi-conscious, into a bathroom; stripping her naked; and sexually assaulting her.

**Answer: Denied.**

123.    Shri Yamuna, GSJ, and Mrs. Mohammed intentionally and/or with

reckless indifference engaged in extreme and outrageous behavior by harassing and retaliating against Plaintiff for reporting to law enforcement Lukmon Mohammed's sexual assault on her. Specifically, Mrs. Mohammed, in her role as Shri Yamuna's and GSJ's co-owner and Plaintiff's employer:

    i.   Actively encouraged Plaintiff's coworkers to shun and denigrate Plaintiff;

    j.   Limited Plaintiff's ability to make money by altering Plaintiff's work schedule;

    k.   Withheld from Plaintiff tips that Plaintiff earned and was due;

    l.   Publicly humiliated Plaintiff;

    m.  Ordered Mr. Fulford to single out Plaintiff for disciplinary measures that were not visited upon Plaintiff's coworkers, despite the fact those coworkers were engaged in substantially-similar conduct for which Plaintiff was disciplined;

    n.   Publicly accused Plaintiff of "crying rape"; and

    o.   Forced Plaintiff to resign from her position as a Delivery Driver as a result of the sustained campaign of harassment and retaliation.

**Answer: Denied.**

124.    Defendants intentionally and/or with reckless indifference engaged in conduct that was extreme and outrageous, insofar as the sexual harassment, sexual assault and battery, and systematic and sustained retaliation to which Defendants subjected Plaintiff went beyond all possible bounds of decency.

**Answer: Denied.**

125.    Defendants' intentional and/or recklessly-indifferent conduct caused

Plaintiff to suffer severe emotional distress, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and depression, for which she sought professional counseling.

**Answer: Denied.**

126.     Plaintiff is entitled to recover compensatory and punitive damages against Defendants, in an amount to be determined by the enlightened conscience of the jury at trial.

**Answer: Denied.**

**COUNT VII**
**Punitive Damages Pursuant to O.C.G.A. § 51-12-5.1**
**(Against All Defendants)**

127.     Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

**Answer: Defendants incorporate their responses to Paragraph's 1 – 126 of the Complaint as if fully restated.**

128.     Defendants' actions, as described herein, showed willful misconduct, malice, wantonness, oppression, and the entire want of care which would raise the presumption of conscious indifference to consequences.

**Answer: Denied.**

129.     Defendants acted with the specific intent to harm Plaintiff.

**Answer: Denied.**

130.     Plaintiff is entitled to unlimited punitive damages against Defendants, pursuant to O.C.G.A § 52-12-5.1.

**Answer: Denied.**

## COUNT VIII
### Expenses of Litigation Pursuant to O.C.G.A. § 13-6-11
### (Against All Defendants)

131.     Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

**Answer: Defendants incorporate their responses to Paragraph's 1 – 130 of the Complaint as if fully restated.**

132.     Defendants' tortious conduct as described herein was in bad faith and caused Plaintiff unnecessary trouble and expense.

**Answer: Denied.**

133.     Pursuant to O.C.G.A. § 13-6-11, Defendants are liable for Plaintiff's expenses of litigation, including reasonable attorney's fees and costs.

**Answer: Denied.**

## AFFIRMATIVE DEFENSES

**FIRST DEFENSE**

Defendants have not knowingly waived any affirmative defense and reserve the right to assert defenses, modify defenses, or delete defenses, affirmative or otherwise, as Plaintiff's claims are clarified during the course of this litigation.

Nothing herein constitutes an admission or concession that Defendants bear the burden of proof as to any defense or other issue.

**SECOND DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate her damages.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants did not behave as described in the Complaint.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants did harass or retaliate against Plaintiff.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants did not violate FLSA.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate her damages.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any alleged injury or damages suffered by Plaintiff was not the direct or proximate result of actions by Defendants.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the intervening acts of unknown entities and/or entities beyond Defendants' control.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because, to the extent any person affiliated with Defendants engaged in conduct contrary to the law (an allegation that Defendants expressly deny), such conduct was outside the scope of that person's authority, was in direct contravention of Defendants and occurred without Defendants' consent, or ratification.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own contributory negligence or comparative fault.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because her alleged damages are too speculative and remote to permit an award of damages.

**SIXTEENTH DEFENSE**

Plaintiff is not entitled to punitive damages because Defendants did not act with willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences or to Plaintiff's rights.

**SEVENTEENTH DEFENSE**

Any claims for punitive damages against Defendants are barred by: (1) The Due Process Clause of the Fourteenth Amendment to the United States Constitution; (2)

The proscription of the Eighth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment prohibiting the imposition of excessive fines; (3) The "double jeopardy" clause of the Fifth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment; (4) The Due Process Clause of Article I, Section I of the Constitution of the State of Georgia; (5) The proscription against the imposition of "excessive fines" in Article I, Section I of the Constitution of the State of Georgia; (6) The "double jeopardy" clause of Article I, Section I of the Constitution of the State of Georgia, and/or (7) Other provisions of the Constitution of the United States and the Constitution of the State of Georgia.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays as follows:

    a.  That Plaintiff's claims be dismissed with prejudice;

    b.  That Defendant be granted attorneys' fees and court costs;

    c.  That this Court grant such other relief as it deems proper.

Respectfully submitted, this 29th day of March, 2021.

                                      */s/ Von A. DuBose*
                                        Von A. DuBose
                                        **DUBOSE MILLER LLC**
                                        Georgia Bar No. 231451
                                        75 14th Street, NE Suite 2110
                                        Atlanta, Georgia 30309
                                        Telephone: (404) 720-8111
                                        dubose@dubosemiller.com

                                        *Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

The undersigned attests that this document was prepared in Times New Roman, 14-point font that complies with this Court's Rules.

This 29th day of March, 2021.

_/s/ Von A. DuBose_

Von A. DuBose

**DUBOSE MILLER LLC**

Georgia Bar No. 231451

75 14th Street, NE Suite 2110

Atlanta, Georgia 30309

Telephone: (404) 720-8111

_Counsel for Defendant_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I filed the foregoing ANSWER OF DEFENDANT SHRI YAMUNA ENTERPRISES INC. d/b/a MARCO'S PIZZA, LUKMON MOHAMMED, and ELIZABETH MOHAMMED which will serve all parties of record via the Court's CM/ECF system to the following:

Justin M. Scott
Michael David Forrest
SCOTT EMPLOYMENT LAW, P.C.
160 Clairemont Ave., Ste 610
Decatur, GA 30030
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

Sean Keenan
Alexa L. Morris
CRUSER, MITCHELL, NOVITZ, SANCHEZ,
GASTON & ZIMET, LLP
Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
skeenan@cmlawfirm.com
amorris@cmlawfirm.com

Respectfully submitted, this 29th day of March, 2021.

_/s/ Von A. DuBose_
Von A. DuBose
**DUBOSE MILLER LLC**
Georgia Bar No. 231451
75 14th Street, NE Suite 2110
Atlanta, Georgia 30309
Telephone: (404) 720-8111
dubose@dubosemiller.com

*Counsel for Defendants*

40